UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
KAREN L. SHUSTER,                         :     CASE NO. 1:17 CV 1313
                                          :
          Plaintiff,                      :
                                          :
vs.                                       :     OPINION & ORDER
                                          :
STEVEN TURNER MNUCHIN, *et al*.,          :
                                          :
                                          :
          Defendants.                     :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Karen L. Shuster has filed this civil rights action pursuant to 42 U.S.C. §1983 against various United States and Internal Revenue Service (IRS) officials and employees: Secretary of the Treasury Steven Turner Mnuchin; Commissioner of the IRS John Koskinen; Acting Assistant United States Attorney General David A. Hubbert, and "J. Does" IRS agents. (Doc. No. 1.) Her complaint alleges that the defendants have violated the Sixteenth Amendment to the Constitution, which affords Congress the power to lay and collect taxes on income without apportionment, by "knowingly and illegally taxing [her] sources" and have illegally placed liens on her property. (*Id.* at ¶18.) She contends her "sources" are not income. Pursuant to § 1983 and various state laws, she requests $1.5 million in damages. In addition, she seeks declaratory and injunctive relief. (*Id*., ¶¶ 36-39.)

Although *pro se* pleadings are entitled to a liberal construction, the plaintiff's complaint, as written, fails to allege any plausible federal claim. Taxpayer suits for damages cannot be brought against individual federal officials under *Bivens v. Six Unknown Federal Narcotics*

*Agents*, 403 U.S. 388 (1971), which allows civil rights claims to be brought against federal officials analogous to those permitted against state officials under 42 U.S.C. § 1983.  *See Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997) (holding that the civil rights remedy allowed against federal officials under *Bivens* is not available against IRS agents for their alleged wrongful seizure of taxpayer property); *abrogation on other grounds recognized in Hoogerheide v. IRS*, 637 F.3d 634 (6th Cir. 2011).  In addition, when government officials are sued in their official capacity, the suit is against the government itself, and the United States has not waived its sovereign immunity for damage suits arising under the Constitution.  *See Morris v. United States*, 540 Fed. App'x 477 (6th Cir. 2013).  The plaintiff's requests for declaratory and injunctive relief are also barred under the Declaratory Judgment and Tax Anti-Injunction Acts, which preclude jurisdiction over suits brought for the purpose of restraining the assessment or collection of taxes.  *See id.* at 483.

Accordingly, for all of these reasons, the plaintiff's complaint on its face fails to state any plausible federal claim for relief.  In that the plaintiff has paid the filing fee, however, she is granted leave to file an amended complaint within 30 days from the date of this order setting forth a valid federal claim against proper defendants.  If the plaintiff files and serves such an amended pleading, the defendant or defendants will have 30 days thereafter to respond, either through answer or motion.

IT IS SO ORDERED.

Dated: October 26, 2017        *s/        James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE