UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
KAREN L. SHUSTER,                               :    CASE NO. 1:17 CV 1313
                                                :
            Plaintiff,                          :
                                                :
vs.                                             :    OPINION & ORDER
                                                :
STEVEN TURNER MNUCHIN, *et al*.,                :
                                                :
                                                :
            Defendants.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Karen L. Shuster filed this fee-paid civil rights action against United States and Internal Revenue Service (IRS) officials and employees, alleging they knowingly and illegally taxed her "sources" and illegally placed liens on her property. Because her complaint on its face fails to allege any plausible federal claim on which relief may granted against the defendants, the Court issued an order, on October 26, 2017, allowing the plaintiff leave to file an amended complaint within 30 days setting forth a valid federal claim against proper defendants. (*See* Doc. No. 4.)

More than 30 days have now passed, and the plaintiff has failed to file an amended complaint.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). *Pro se* plaintiffs must still meet basic

pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). A federal district court has authority to dismiss any complaint under Fed. R. Civ. P. 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Consistent with *Apple v. Glenn*, the Court finds that the instant action warrants *sua sponte* dismissal for lack of subject matter jurisdiction. As the Court explained in its October 26th order, taxpayer suits for damages cannot be brought against individual federal officials under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the plaintiff's requests for declaratory and injunctive relief are barred by the Declaratory Judgment and Tax Anti-Injunction Acts. (*See* Doc. No. 4.)

Accordingly, for the reasons stated in the Court's prior order, this action is now dismissed pursuant to the Court's authority established in *Apple v. Glenn*.

IT IS SO ORDERED.

Dated: December 6, 2017     *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE